UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | No. 22-60 |
| NIROKO JOHNSON | SECTION: "J" |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss Count Three of the Indictment* **(Rec. Doc. 55)**, filed by Defendant, Niroko Johnson. The Government opposes the motion (Rec. Doc. 59), and Defendant has replied (Rec. Doc. 61-2). Considering the motions, the memoranda, the record, and the law, the Court finds the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On March 18, 2022 FBI agents conducted a search of Defendant Niroko Johnson's home. Agents recovered 747 grams of fentanyl, two firearms, ammunition, approximately $157,435 in cash, and other drug paraphernalia. On April 1, 2022 Johnson was indicted on one count of possession with intent to distribute fentanyl, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm. Johnson has now moved to dismiss Count 3, the felon in possession charge under 18 U.S.C. § 922(g)(1), on the grounds that it is unconstitutional in light of the Supreme Court's holding in *New*

*York State Rifle Association v. Bruen*, 597 U.S. 1 (2022) and the Fifth Circuit's holding in *United States v. Rahimi*, 61 F.4th 443, 450 (5th Cir. 2023).[1]

## DISCUSSION

Johnson argues that § 922(g)(1) is unconstitutional for two independent reasons: first, because the government cannot show that "disarming felons is consistent with the Nation's historical tradition of firearm regulation," (Rec. Doc. 55, at 2) (quoting *Bruen*, 597 U.S. at 17), and second, because § 922(g)(1) "exceeds Congress's authority under the commerce clause." *Id.* Johnson is not the first Defendant to attempt this argument. In fact, over 120 courts throughout the United States have addressed this exact issue and have found § 922(g)(1) to be constitutional. This Court agrees with the overwhelming weight of consensus and **DENIES** Defendant's motion for the following reasons.

Johnson argues that the Supreme Court decision in *Bruen* and the Fifth Circuit decision in *Rahimi* mean that § 922(g)(1) is unconstitutional. *Bruen* abrogated the two-step framework the Fifth Circuit previously used to evaluate firearms regulations. This two-step framework asked first whether the burdened conduct "harmonizes with the historical traditions associated with the Second Amendment." *National Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives [NRA]*, 700 F.3d 185, 194 (5th Cir. 2012). Then, if the answer to that question is yes, the court would apply "the appropriate level of means-end scrutiny." *Id.* at 195. Instead, *Bruen* instructed courts to consider only

---

[1] The United States Supreme Court recently overturned the Fifth Circuit's holding in *Rahimi*, finding § 922(g)(8) constitutional. *United States v. Rahimi*, 602 U.S.—, 144 S.Ct. 1889 (2024).

whether a regulation was "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597, U.S. at 24. Johnson argues that because *Bruen* ended the two-step framework previously used by the Fifth Circuit in evaluating firearm regulations, it must have therefore abrogated the outcome of decisions using that old framework, including decisions upholding § 922(g)(1). (Rec. Doc. 55, at 5). Johnson reasons that the Fifth Circuit itself has recognized that *Bruen* has "fundamentally changed [the court's] analysis of laws that implicated the Second Amendment, rendering [the court's] prior precedent obsolete." *Rahimi*, 61 F.4th at 450 (internal quotations omitted). Johnson argues that this Court should take the Fifth Circuit to mean that it intended to abrogate all decisions made under the pre-*Bruen* framework. However, the vast majority of Courts to consider the issue raised by Johnson have declined to agree. In fact, this Court is aware of only two cases in which district courts in the Fifth Circuit have granted similar motions to dismiss. *See United States v. Leblanc,* —F.Supp.3d —, 2023 WL 8756694 (M.D. La. Dec. 19, 2023); *United States v. Bullock*, 679 F.Supp.3d 501 (S.D. Ms. June 28, 2023). Furthermore, both of these cases were decided prior to the Supreme Court's decision in *Rahimi*.

In *Rahimi* the Fifth Circuit held that 18 U.S.C. § 922(g)(8), which prohibits the possession of a firearm to a citizen under a domestic violence restraining order, is unconstitutional under *Bruen*. 61 F.4th at 461. The Court in *Rahimi* applied the historical analysis mandated under *Bruen* and found that individuals who were merely *suspected* of criminal conduct and subject to civil censure still fell in the

group protected by the Second Amendment. However, since Johnson filed his motion, the United States Supreme Court overruled the Fifth Circuit's holding in *Rahimi*, finding § 922(g)(8) constitutional and stating that "our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *United States v. Rahimi*, 602 U.S.—, 144 S.Ct. 1889, 1902 (2024). Felons, as the Supreme Court stated in *District of Columbia v. Heller*, are not part of the law-abiding citizenry protected by the Second Amendment. 554 U.S. 570, 626 (2008) ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). Therefore, the Supreme Court's reasoning in *Rahimi* that those civilly adjudicated to be a danger to a society may be denied the right to own guns stands even more true for defendants charged under § 922(g)(1) who have already been criminally convicted.

A district court simply does not have the authority to decide that *Bruen* overruled Fifth Circuit precedent on §922(g)(1) without explicit guidance from the Fifth Circuit on that topic. *See Bonvillian Marine,* 19 F.4th at 789, 794 (A district court was not free to overturn Fifth Circuit precedent even if the Supreme Court implicitly overruled that precedent). *See also United States v. Thompson*, 670 F.Supp.3d 381, 386 (E.D. La. April 27, 2023). Only the Fifth Circuit can declare if decisions that might implicitly overrule its precedent actually do so. Furthermore, the Fifth Circuit has rejected post-*Bruen* challenges to § 922(g)(1) under plain error review. *See, e.g., United States v. Garza*, No. 22-51021, 2023 WL 4044442 (5th Cir.

4

June 15, 2023); *United States v. Roy*, No. 22-10677, 2023 WL 3073266, *1 (5th Cir. April. 25., 2023); *United States v. Johnson*, No. 22-20300, 2023 WL 3431238 (5th Cir. May 12, 2023). Accordingly, this Court declines to go against the weight of consensus and against binding Fifth Circuit precedent in finding § 922(g)(1) unconstitutional.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss Count Three of the Indictment* **(Rec. Doc. 55)** is **DENIED**.

New Orleans, Louisiana, this 13th day of August, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE